UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>    Plaintiff,<br><br>  vs.<br><br>J. ANDRADE, et al.,<br><br>    Defendants. | 1:13-cv-01892-LJO-GSA-PC<br>[Fresno Superior Court case #13CECG01419]<br><br>FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT THIS CASE BE<br>REMANDED TO FRESNO SUPERIOR COURT<br>(Doc. 2.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY<br>DAYS |

## I.  BACKGROUND

   This is a civil action filed by plaintiff Gerry Williams ("Plaintiff"), a state prisoner proceeding pro se.  This action was initiated by civil Complaint filed by Plaintiff in the Fresno County Superior Court on April 11, 2013 (case #13CECG01419).  On November 21, 2013, defendants Andrade, Black, Deathridge, May, Oxborrow, J. Rodriguez, R. Rodriguez, Rumbles, Shuler, Silveira, Webster, and Wisely ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a).  (Doc. 2.)

## II.  PLAINTIFF'S ALLEGATIONS IN THE COMPLAINT

   Plaintiff is presently incarcerated at Kern Valley State Prison in Delano, California. The events at issue in the Complaint allegedly occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants J. Andrade, Sgt. Deathridge, J. Rodriguez, Lt. Webster, K. Shuler, M. Black, T. May, W. Oxborrow, J. Wisely, L. Rumbles, A. Silveira, and R. Rodriguez.  All of the Defendants are employees of the California Department of Corrections and Rehabilitation at PVSP.

   Plaintiff makes the following allegations.

On March 1, 2011, Plaintiff was moved into a cell with an inmate named Willis.  On March 3, 2011, Plaintiff made a request to defendant Andrade for a cell move, due to Plaintiff's safety concerns.  Plaintiff told defendant Andrade that he and inmate Willis were not getting along in the assigned cell.  Defendant Andrade denied Plaintiff's request to be moved and told Plaintiff the only way to get moved was to have a fight with his cell mate.

On March 6, 2011, Plaintiff went to the medical clinic at PVSP due to palpitations and chest pains.  After returning from the clinic, Plaintiff told defendant Andrade that he had come close to fighting with inmate Willis, who was not compatible with Plaintiff.  Plaintiff requested to be celled with a different cell mate, informing defendant Andrade that there was another inmate named Valencia willing to trade cells, to prevent violence.  Defendant Andrade again denied Plaintiff's request.

Plaintiff asked inmate Willis if he would switch cells and accept inmate Valencia as a cell mate.  Willis became violent and struck Plaintiff in the head, injuring Plaintiff's head and jaw. After the incident, Plaintiff was interviewed by defendant Deathridge.

Plaintiff was moved to cell 147 with a new cell mate.  Defendant Wisely had told the new cell mate that Plaintiff was "a J-Cat in order to cause Plaintiff's character to be assassinated," so that no inmate of sound mind would want to cell with Plaintiff.  (Complaint, Doc. 2 at 10 ¶20.)  The new cell mate stole Plaintiff's flat screen television and gave it to someone else.  On March 14, 2011, the television was returned broken in pieces.  Plaintiff filed an inmate grievance on form 602 reporting the events, which was denied/rejected on August 11, 2011.

On April 7, 2011, Plaintiff was ordered to move to cell A1-139 by defendants Silveira and Wisely.  Plaintiff told defendants Silveira and Wisely that he did not want to move to cell A1-139, and defendant Wisely grabbed Plaintiff by the arm, threw him to the floor, and struck him in the head and chest with his fist.  Defendant R. Rodriguez held Plaintiff down as Defendant Wisely continued to kick and punch Plaintiff while Plaintiff tried to block the blows. Two female officers watched the assault.  Plaintiff had previously been injured and was using a walking cane when defendant Wisely attacked him.  Defendant Oxborrow videotaped

2

Plaintiff's injuries.  Plaintiff filed and exhausted an inmate grievance reporting the Defendants' breach of duty.

## III.    REMOVAL AND REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotations and citation omitted).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

### *Well-Pleaded Complaint*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal

---

[1]  "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

## IV.   DISCUSSION

Defendants state that this is a civil action with claims for excessive force, failure to protect, and retaliation, which fall under federal jurisdiction.  In support of federal jurisdiction, Defendants assert that Plaintiff alleges that he was subjected to violence by his cell mate, and defendants Andrade, Deathridge, Webster, Silveira, and Oxborrow failed to protect him even after the attack; that defendants J. Rodriguez, Shuler, and R. Rodriguez endangered him by telling another inmate that Plaintiff was a "mental case" and failed to protect him from attack; that defendants Wisely and R. Rodriguez subjected him to excessive force when Wisely grabbed him by the arm, threw him to the floor, and kicked and punched him while R. Rodriguez held him down; and that defendants Silveira and Rumbles, who witnessed the attack by Wisely, failed to protect him.  (Notice of Removal, Doc. 2 at 2- 3 ¶¶3, 4.)  Defendants also argue that federal jurisdiction exists because Plaintiff referred in his allegations to "the unnecessary and wanton infliction of pain," "malicious and sadistic" intent," and "retaliation" by Defendants, which are federal questions guided by federal law.  (Id. ¶¶4, 5.)

As stated above, removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint.  Gully, 299 U.S. at 112.  The court has thoroughly reviewed Plaintiff's Complaint and finds no reference to the United States Constitution, treaties, or any federal law.  Plaintiff has titled his Complaint a "Complaint for Negligence, Intentional Tort, and Excessive Use of Force," and he relies solely on the California Constitution, California Code of Civil Procedure, California Civil Code, Government Code, State Civil Rights, State Statutes, and state tort law in support of his claims.  Nowhere in the Complaint does Plaintiff specifically refer to the federal Constitution, 42 U.S.C. § 1983, federal civil rights, the Eighth Amendment, or any other federal law in support of his claims.  The court notes that both federal and state law contain protections against violations of civil rights, cruel and unusual

punishment, and reprisals.  Plaintiff's use of language reciting some elements of federal claims, without more, is not enough to confer federal jurisdiction.  As such, the nature of Plaintiff's Complaint on its face creates doubt as to the right of removal in the first instance.  As stated above, Plaintiff is the master of his own complaint and is free to rest his claims solely on state causes of action.  See The Fair, 228 U.S. at 25.  Based on these facts, the court finds that Plaintiff's Complaint does not present a claim arising under federal law to warrant subject matter jurisdiction, and therefore the instant action does not implicate a federal interest sufficient to sustain removal of the action to federal court.

## V.    CONCLUSION AND RECOMMENDATIONS

The court finds that the federal court lacks jurisdiction over Plaintiff's Complaint and the action is not removable.  Accordingly, IT IS HEREBY RECOMMENDED that:

1.    This action be remanded to the Fresno County Superior Court; and

2.    The Clerk be directed to close the case and serve notice of the remand.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 25, 2013**          **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE